# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20 CR 577-7 |
| ) | |
| ) | Hon. Elaine E. Bucklo |
| ENRIQUE HOLLINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM REGARDING DRUG AMOUNT

Now comes Defendant, Enrique Hollins, by and through his attorney, Jeffrey J. Levine, and, for his Memorandum Regarding Drug Amount, states as follows:

1. Contrary to State prosecutions, drug amounts utilized in federal prosecutions usually involve substantial quantities of controlled substances.

2. The larger quantities of controlled substances involved in federal prosecutions are commonly indicative of uncut controlled substances, as opposed to the type of street-level distribution which occurred in the instant case.

3. The instant case involved a conspiracy that existed from on or around April 23, 2020, and continuing to on or around September 1, 2020. *See*: February 8, 2023 Presentence Investigation Report at paragraph 4. This is a total of 132 days. This period of time is noted in the Government's Version of the Offense and the Plea Agreement. The PSI Report also notes a time period of 79 days, from June 14, 2020 to September 1, 2020. *See*: PSI Report at par. 26.

4. By all accounts, Mr. Hollins' participation in the offense was minimal. The government's investigation revealed that Mr. Hollins' involvement with the scheme only involved only three days,

June 14, 2020, August 17, 2020 and August 25, 2020. *See:* December 21, 2022, Government's Version of Offense at pages 2-3.

      a. June 14, 2020. On this day Mr. Hollins had two telephone conversations wherein his co-defendant instructed him to meet with another co-defendant in order to obtain a phone.

      b. August 17, 2020. On this day, Mr. Hollins was dropped off a phone, proceeds of sales and narcotics to another co-defendant after working the phone and reported to his co-defendant with regard to sales from 8:31 a.m. to 9:52 a.m.

      c. August 25, 2020. On this date, Mr. Hollins made a single narcotics sale to an undercover officer for $100.00. The total amount of the sale concerned approximately 3.404 grams of a substance containing controlled substances.

5. The government has not provided any indication that Mr. Hollins' involvement in the scheme exceeded the three days referenced in their Version of the Offense, the Plea Agreement and the Presentence Investigation Report.

6. Despite his extremely limited involvement, both the government and the Probation Department seek to hold Mr. Hollins accountable for distributing 659.65 grams of fentanyl laced heroin and 254.38 grams of cocaine base over the 132 day period. *See:* December 21, 2022, Government's Version of Offense at page 3; PSI Report at Pars. 12, 17, 25, 26 and 27. .

7. In conspiracy actions, a sentencing court must make specific factual findings to determine each individual defendant's relevant conduct. *United States v. Walker*, 721 F.3d 828 (7th Cir. 2013). Further, sentencing factors must be demonstrated by a preponderance of the evidence. *United States v. Krieger*, 628 F.3d 857, 866-67 (7th Cir. 2010).

8. In instances where criminal activity is jointly undertaken, an individual may be held responsible for activity that was in furtherance of the scheme and reasonably foreseeable to the individual defendant. *See*: U.S.S.G. 1B1.3(a)(1)(B).

9. The PSI Report incorrectly states that Mr. Hollins acknowledged that the other defendants

activity was in furtherance of a crime and that the amount of drugs was reasonably foreseeable to him. *See*: PSI Report at par. 17. Rather, Mr. Hollins acknowledged that he was involved in a criminal conspiracy over the period of time alleged. *See*: 12/09/22 Plea Agreement, Dkt. No. 528, at Par. 6. The Plea Agreement only states the government's position as to the amount of drugs distributed by the conspiracy. No effort is made to explain the amount which was reasonably foreseeable to Mr. Hollins. At sentencing, the government must demonstrate the amount reasonably foreseeable to Mr. Hollins, by a preponderance of the evidence.

10. When compared to state prosecutions, drug amounts characterized in federal prosecutions usually involve substantial quantities. The larger quantities involved in federal prosecutions are commonly indicative of large distribution schemes and commonly involve uncut amounts of drugs as opposed to the type of street-level distribution which occurred in the instant case.

11. It is believed that the drug amounts indicated in both the plea agreement and PSI Report include cutting agents utilized to reduce the potency of the controlled substances for street level distribution. As noted in the pleadings, Mr. Hollins was charged and pled guilty to a conspiract to distribute a quantity of a mixture containing detectable amounts of controlled substances. As this prosecution targeted a street-level drug sales operation, a large amount of the drug quantity which is a basis of the sentence is not the specific drug but rather the "cut" portion of the packaged controlled substance.

12. The Sentencing Guidelines generally do not utilize the "carrier medium" when determining drug amount. For instance, the weight of paper is not utilized when determining the weight of LSD. Although the Sentencing Guidelines provide for an enhancement for drugs of exceptional purity, they do not provide for a reduction for drugs of low purity.

13. Given Mr. Hollins minimal involvement with the group, his limited involvement with

drug sales and the low purity of the controlled substances, the drug amount claimed in the government's Position and PSI Report does not accurately demonstrate the actual amount of drugs for which Mr. Hollins should be held responsible. The proffered amount and grossly overestimates his limited involvement with the scheme. The government cannot demonstrate that Mr. Hollins was aware of the scope of the conspiracy and therefor he should not be held responsible for the great amount of controlled substances distributed by the conspiracy.

Respectfully submitted,

*Jeffrey J. Levine*
Attorney for the Defendant
Enrique Hollins

JEFFREY J. LEVINE
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: March 17, 2023