

FILED
12/20/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DOROTHY WILLIAMS, )<br>    Defendant. ) | Case No. 20 CR 577<br>Hon. Elaine E. Bucklo |

## PLEA DECLARATION

DOROTHY WILLIAMS, by her attorney, LISA L. WOOD, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, seeks leave to withdraw her previously entered plea of not guilty and enter a plea of guilty to Count One of the indictment.

Ms. Williams represents to the Court as follows:

1. My true name is Dorothy Williams.

2. I have received a copy of the indictment. I have read it and discussed it with my attorney, and I believe I understand the charges brought against me in this case.

3. I desire to plead guilty to Count One of the indictment, charging me with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. 846 because I am guilty of that charge. In essence, and as a factual basis for my plea, I acknowledge the following facts and that these facts establish my guilt beyond a reasonable doubt, constitute relevant conduct pursuant to Guideline 1B1.3:

On or about August 6, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, I, Dorothy Williams, conspired with Paul Wilkins and

others to knowingly and intentionally possess with the intent to distribute and distribute a controlled substance, namely, a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II Controlled Substance, a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 United States Code, Sections 846 and 841(a)(1).

More specifically, on August 6, 2020, I, Dorothy Williams, conspired with Paul Wilkins to distribute fentanyl-laced heroin and crack cocaine to customers on the west side of Chicago. For example, on August 6, 2020, Paul Wilkins and I sold narcotics to an undercover law enforcement officer ("UC-13") posing as a drug customer. Specifically, after Wilkins and UC-13 coordinated a meeting location over the phone, Wilkins and I drove in Wilkins's car to the Walgreens near the intersection of Madison Street and Western Avenue in Chicago, Illinois.

At approximately 12:22pm, Wilkins and I arrived at the Walgreens and parked near UC-13's vehicle. I then got out of Wilkins's car and entered the front passenger seat of UC-13's vehicle. To confirm that UC-13 wanted five baggies of heroin and five baggies of cocaine base, I asked UC-13, "You want five and five, right?" UC-13 replied, "Yup." I replied, "You got it." I then provided UC-13 with a brown napkin that I knew contained five Ziploc-style baggies containing heroin and, unbeknownst to me, fentanyl, and five Ziploc-style baggies containing cocaine base. UC-13 then handed me $100. I acknowledge that the baggies I sold to UC-13 contained approximately 1.61

2

grams of fentanyl-laced heroin and 0.36 grams of cocaine base.

I further acknowledge that I participated in two other narcotics sales with Paul Wilkins to undercover officers on August 6, 2020. The total amount of narcotics we conspired to sell and sold on August 6, 2020 was 4.14 grams of fentanyl-laced heroin and 0.736 grams of cocaine base.

4. I understand that the charge of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. 846 and 21 U.S.C. 841(a)(1) currently carries the following statutory penalties:

   a. A maximum sentence of 20 years' imprisonment.

   b. A maximum fine of $1,000,000.

   c. A term of supervised release of at least three years and up to life.

   d. A $100 special assessment due at the time of sentencing, in addition to any other penalty or restitution imposed.

6. My attorney has discussed the advisory sentencing guidelines with me. I understand that the Court must calculate the guidelines and consider them in determining a reasonable sentence. I further understand, however, that the Court is not required to impose a guideline sentence. Rather, it is my understanding that the Court will impose a sentence consistent with the factors set forth in 18 U.S.C. 3553(a).

7. I understand that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. I understand I will not have a right to withdraw my plea of guilty solely because the Court calculates

the guidelines in a manner different than how I expect. However, I reserve the right to contest the Probation Department's guideline calculations and the government's guideline calculations.

8. At present, my attorney and I believe the following guidelines apply. These are non-binding predictions. If, upon further review of the facts or evidence, I later determine that different or additional guidelines apply, I reserve the right to advocate for different guidelines at sentencing. I understand that the government may not agree with my guideline calculation and may believe that different and/or higher guidelines apply.

| Applicable Guidelines Manual | The manual in effect at the time of sentencing. The manual in effect at the time of this plea declaration is the 2021 manual. |
|---|---|
| **Base Offense Level** | 14, pursuant to U.S.S.G. 2D1.1(c)(13) (12.98 kilograms of converted drug weight) |
| **Reduction for Acceptance of Responsibility** | -2, pursuant to 3E1.1(a) |
| **Total Offense Level** | 12 |
| **Criminal History Score/Category** | 6 points/Category III |
| **Anticipated Advisory Sentencing Guideline Range** | 15-21 months' imprisonment |

9. I understand that by pleading guilty to Count One, I am surrendering certain rights as to Count One, including the following:

a. **Trial rights**. I understand I have the right to persist in a plea of not guilty to the charges against me, and if I do, I would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting

4

without a jury, the government, the judge, and I, all must agree that the trial be conducted by the judge without a jury.

    ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. My attorney and I would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.    If the trial is a jury trial, the jury would be instructed that I am presumed innocent, that the government has the burden of proving me guilty beyond a reasonable doubt, and that the jury could not convict me unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established my guilt beyond a reasonable doubt.

    v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them.

    vi. At a trial, I could present witnesses and other evidence on my own behalf. If the witnesses I wanted to present would not appear voluntarily, I could require their attendance through the subpoena power of the Court. I would not be required to present any evidence.

    vii. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify on my own behalf.

  b. **Appellate rights.** I further understand I am waiving all appellate issues that might have been available if I had exercised my right to trial on Count One, but that I may appeal the validity of this plea of guilty and the sentence imposed. I understand that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

10. Should the judge refuse to accept this plea of guilty, this Declaration shall become null and void and I will not be bound by the admissions made herein.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord. No promises or threats have been made to me to induce me to enter a plea, and I am aware of the potential consequences and repercussions of this plea.

Dated: 12·20·23

*Dorothy Williams*
DOROTHY WILLIAMS

By: *[signature]*
LISA L. WOOD
Attorney for the Defendant